UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

        Petitioner,

-against-

ORANGE COUNTY SUPREME COURT,

        Respondent.

19-CV-2247 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, currently incarcerated at Westchester County Jail, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging a state court order requiring him to be medicated against his will. By order dated April 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

(internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

From November 13, 2018, through February 19, 2019, Petitioner was incarcerated at Mid-Hudson Forensic Psychiatric Center. (Pet. at 7.) The doctors at Mid-Hudson wanted to prescribe Petitioner Zyprexa, an anti-psychotic medication. (*Id.* at 8.) Petitioner refused the medication, asserting that he was not experiencing psychiatric symptoms, understood his legal proceedings, was competent to stand trial, and believed that anti-psychotic medications have dangerous side effects. (*Id.*) The New York State Office of Mental Health ("OMH") petitioned Respondent Orange County Supreme Court for an order permitting Petitioner to be medicated over his objection. (*Id.*) On January 9, 2019, the state court held a hearing on the matter, in which Petitioner was represented by counsel. (*Id.*) The state court granted the order permitting OMH to medicate Petitioner over his objections. (*Id.*) Petitioner is now challenging the order of the Orange County Supreme Court, alleging that it violated his rights to privacy and to due process. He seeks unspecified relief.

## DISCUSSION

**A.     Action Construed as Arising under 42 U.S.C. § 1983**

Although Petitioner brings this action as a petition for a writ of *habeas corpus* under § 2241, the Court construes his claim as arising under 42 U.S.C. § 1983.  While federal prisoners may challenge their conditions of confinement under § 2241, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008), "[t]he Second Circuit has not yet extended this ability to persons in state custody," *Hargrove v. Dep't of Corr.*, No. 09-CV-876 (WWE), 2009 WL 2372165, at *1 (D.

Conn. July 30, 2009). Moreover, as the Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499; *see Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) ("*habeas* is the exclusive remedy for a state prisoner seeking an earlier release," and § 1983 is the proper remedy to challenge conditions of confinement) (citing *Preiser*, 411 U.S. at 499).

Because the Second Circuit has not extended the ability to raise civil rights claims in a *habeas corpus* petition to state prisoners, the Court construes Petitioner's complaint as a § 1983 action alleging that he was forcibly medicated in violation of his rights under the Due Process Clause of the Fourteenth Amendment.[2] *See Washington v. Harper*, 494 U.S. 210, 221-222 (1990) (holding that the Due Process Clause of the Fourteenth Amendment protects an inmate's "significant liberty interest in avoiding unwanted administration of antipsychotic drugs").

**B.     Orange County Supreme Court**

A state or state agency is not considered a "person" for purposes of a § 1983 claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the New York Supreme Court, Orange County, is part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), it is not a "person" that may be sued under § 1983. *See Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that the Appellate Division, as part of the judicial arm of New York State, is not a "person" for purposes of § 1983).

---

[2] Although the Court is construing Mr. Burns' action as arising under § 1983, and it is the Court's practice to refer to the party bringing a § 1983 claim as "Plaintiff," the Court will continue to refer to Mr. Burns as "Petitioner" for clarity.

Moreover, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because the New York Supreme Court, Orange County, is part of the New York State Unified Court System, the Eleventh Amendment bars Petitioner's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"). The Court therefore dismisses Petitioner's claims against one of the courts of the New York State Unified Court System. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.    Review of a State Court Order**

To the extent Petitioner seeks review and reversal of the state court's order authorizing him to be medicated, any such claim is barred by the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies

4

where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Petitioner's challenge to the state court involuntary medication order is barred under the *Rooker-Feldman* doctrine.[3] *See, e.g.*, *Spencer v. Bellevue Hosp.*, No. 11-CV-7149 (CM), 2012 WL 1267886, at *5 (S.D.N.Y. Apr. 12, 2012) ("[T]o the extent plaintiff is attempting to assert a Section 1983 claim against these defendants based upon her belief that the involuntary commitment orders . . . were illegal, such claim is barred by the *Rooker–Feldman* doctrine.") (internal quotation marks omitted). Petitioner's remedy, if any, lies in the state courts.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's complaint cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his complaint.

---

[3] The Court notes that, even if Respondent did not have Eleventh Amendment immunity, and Petitioner's assertions were not precluded under the *Rooker-Feldman* doctrine, he fails to state a claim that he was medicated without due process. To state a § 1983 claim arising from the forced administration of medication, a plaintiff must allege facts showing that he refused the medication before it was administered, *see Ambrose v. Dell*, No. 12-CV-6721, 2016 WL 894456, at *3 (S.D.N.Y. Mar. 8, 2016), and that the medicine was administered without court authorization or in the absence of an emergency situation, as required by New York State law. *See Spencer v. Bellevue Hosp.*, No. 11-CV-7149 (CM), 2012 WL 1267886, at *8 (S.D.N.Y. Apr. 12, 2012). The Second Circuit has held that the New York State statutory scheme governing involuntary medication meets "the minimum facial requirements of due process—both substantive and procedural." *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983). Here, Petitioner indicates that he was medicated pursuant to a court order following a hearing in which he was represented by counsel. His due process claim must therefore be dismissed as a matter of law.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. Petitioner's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 29, 2019
         New York, New York

COLLEEN McMAHON
Chief United States District Judge